IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TANK PUNK, INC. § | | |
|            Plaintiff, § | | No. 4:15-CV-_____ |
| § | | |
| v. § | | ADMIRALTY |
| § | | |
| SPIKE SHIPPING LTD.; ADVANTAGE § | | |
| ANTHEM SHIPPING, LLC; GENEL § | | |
| DENIZCILIK NAKLIYATI A.S. A/K/A GEDEN § | | |
| LINES; ADVANTAGE TANKERS, LLC; § | | |
| ADVANTAGE HOLDINGS, LLC; and § | | |
| FORWARD HOLDINGS, LLC, § | | |
| § | | |
|            Defendants. § | | |

**PLAINTIFF'S *EX PARTE* MOTION FOR ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS:

COMES NOW Plaintiff, TANK PUNK, INC ("TANK" or "Plaintiff"), by and through undersigned counsel, and files this its Motion for Order Authorizing Issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter "Rule B"), and respectfully shows the Court as follows:

On November 20, 2015, Plaintiff TANK, filed its Original Verified Complaint pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Admiralty Rules, setting forth Plaintiff's claim for damages, together with interest, costs and attorneys fees. The allegations of Plaintiff's Original Verified Complaint are incorporated herein by reference. Supplemental Admiralty Rules B and E permit a Court to issue an order of maritime attachment if the plaintiff satisfies the filing and service requirements of Rules B and E and can show that:

"(1) the plaintiff has a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Naftomar Shipping and Trading Co. v. KMA Int'l S.A.*, 2011 U.S. Dist. LEXIS 24723 at * 4 (S.D. Tex. Mar. 10, 2011) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), *abrogated on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009)).

### A. Plaintiff Has Pled a Valid Prima Facie Admiralty Claim

In the instant matter, Plaintiff submits that the requirements of Admiralty Rule B have been met, and respectfully asks the Court for an Order issuing a writ of maritime attachment for Defendants' property presently located within this judicial district, to wit a deposit of Defendants' funds in the registry of the Court the sum of USD 1,183,088.00.   As set forth in Plaintiff's Original Verified Complaint, Plaintiff has a *prima facie* admiralty claim against each of the Defendants.   The gravamen of Plaintiff's claims is the breach of certain maritime contracts. *See* Compl. ¶¶ 10-18.

Plaintiff maintains that Defendants, SPIKE SHIPPING LTD. (hereinafter "SPIKE SHIPPING"); ADVANTAGE ANTHEM SHIPPING, LLC (hereinafter "ANTHEM SHIPPING"); GENEL DENIZCILIK NAKLIYATI A.S. A/K/A GEDEN LINES (hereinafter "GEDEN"); ADVANTAGE TANKERS, LLC (hereinafter "ADVANTAGE TANKERS"); ADVANTAGE HOLDINGS, LLC (hereinafter "ADVANTAGE HOLDINGS"); and FORWARD HOLDINGS, LLC (hereinafter "FORWARD HOLDINGS"); are corporate segments, alter egos, and constituent components of a single business enterprise. *See* Compl. ¶¶ 22-44.  In this context, admiralty courts may pierce the corporate veil in order to reach the "alter

egos" of a corporate defendant. *See Swift & Co. Packers v. Compania Columbiana Del Caribe, S.A.*, 339 U.S. 684, 689 (1950); *Talen's Landing, Inc. v. M/V Venture*, 656 F.2d 1157, 1160 (5th Cir. 1981); *see also Bridas S.A.P.I.C. v Government of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006), *cert. denied Turkmenistan v. Bridas S.A.P.I.C.*, 2006 U.S. LEXIS 9016 (2006) (setting forth Fifth Circuit Court of Appeals corporate veil piercing standards and factors).

**B.     Defendants Cannot Be "Found" In the District for the Purposes of Rule B**

Regarding the second element, Defendants SPIKE SHIPPING, ANTHEM SHIPPING, GEDEN, ADVANTAGE TANKERS, ADVANTAGE HOLDINGS, and FORWARD HOLDINGS, cannot be found within the Eastern District of Texas for the purposes of Rule B of the Admiralty Rules. Specifically, Plaintiff is informed and believes: that Defendants cannot be found within the Eastern District of Texas; that to Plaintiff's knowledge, none of the officers of Defendants are now within the Eastern District of Texas; that Defendants do not maintain offices or telephone listings in the Eastern District of Texas; that Defendants are not incorporated to do business in the Eastern District of Texas; that Defendants do not carry on any business or commercial activities within the state. *See* Attorney Declaration of George A. Gaitas, **Exhibit 11** to the Original Verified Complaint.

The Courts have long applied a two-prong test when determining whether a defendant was "found" for the purposes of Rule B. "We hold that a defendant cannot be found within the district for purposes of Rule B if it is not present in the district at the time the complaint is filed. A defendant is present in the district if 1) the defendant can be found within the district in terms of jurisdiction, and 2) the defendant can be found within the district for service of process." *Heidmar, Inc. v. Anomina Ravennate di Armamento Sp.A*, 132 F.3d 264, 268 (5th Cir. 1998) (citing *LaBanca v. Ostermunchner*, 664 F.2d 65, 67 (5th Cir.1981)); *see also White Rosebay*

*Shipping S.A. v. HNA Group Co.*, 2013 U.S. Dist. LEXIS 15249 (S.D. Tex. 2013) ("For service of process, Rule B(1) does not permit statewide service of process, but requires that the defendant have an agent present within the federal district.")(citing *LaBanca*). Defendants SPIKE SHIPPING, ANTHEM SHIPPING, GEDEN, ADVANTAGE TANKERS, ADVANTAGE HOLDINGS, and FORWARD HOLDINGS are not registered to do business within the State of Texas and have not appointed an agent for the service of process within the District. *Id*.

C. **Defendants have Property Within the District**

Regarding the third element, Plaintiff is informed and believes Defendants do now, or will during the pendency of this action, have tangible and intangible personal property within the Eastern District of Texas, and said tangible and intangible property is amenable to attachment and garnishment pursuant to Admiralty Rule B. This property is comprised of a deposit in the sum of $1,183,088 which was deposited and remains in the Registry of the Court as substitute security for the vessel ADVANTAGE ANTHEM, bearing IMO No. 9472634 and international call sign V7KZ4, in Civil Action 1:15-cv-00355-RC. The said security is claimed by the Defenndats.

D. **No Statutory or Maritime Law Bar Present**

Finally, regarding the fourth element, Plaintiff asserts there is no statutory or general maritime law bar that prevents attachment.

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Plaintiff TANK PUNK, INC.., prays that this Honorable Court enter an Order authorizing the Issuance of Process of Maritime Attachment and Garnishment directing the United States Marshal for the Eastern District of Texas to attach

the sum belonging to Defendants, and to grant Plaintiff such other and further relief as may be just, equitable and proper.

Respectfully submitted,

Date:  November 20, 2015             CHALOS & CO, P.C.
       Houston, TX

By:    /s/ George A. Gaitas_____
George A. Gaitas
State Bar No. 24058885
Federal Bar No. 705176
7210 Tickner Street
Houston, Texas 77055
Telephone: 713-936-2427
Fax: 866-702-4577
E-mail: gaitas@chaloslaw.com

*Attorneys for Plaintiff*
TANK PUNK, INC.